UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLIFFORD LESSNAU,

      Plaintiff,

v.                                                                                          Case No. 12-14376
                                                      Honorable Patrick J. Duggan

DEPARTMENT OF VETERAN AFFAIRS,
WELLS FARGO HOME MORTGAGE, INC.,
and RALPH LEGGAT,

      Defendants.
_____/

**OPINION AND ORDER GRANTING WELLS FARGO BANK, N.A.'S MOTION TO DISMISS AND *SUA SPONTE* DISMISSING PLAINTIFF'S CLAIM AGAINST RALPH LEGGAT PURSUANT TO 28 U.S.C. § 1915(e)(2)**

Plaintiff Clifford Lessnau ("Plaintiff") initiated this *pro se* lawsuit against Defendants on October 2, 2012, challenging the mortgage loan he executed in March 2005 to refinance real property on University Street in Allen Park, Michigan ("Property"), and the subsequent foreclosure of the Property in March 2011. Plaintiff has been granted leave to proceed *in forma pauperis* in this lawsuit. Defendants are the Department of Veteran Affairs ("VA"), Wells Fargo Home Mortgage, Inc. ("Wells Fargo"), and Ralph Leggat ("Leggat"). Plaintiff asserts two counts in his Complaint: (1) "predatory sub prime lending" against the VA, and (2) fraud against Leggat and Wells Fargo. Plaintiff asks the Court to declare the foreclosure, the resulting Sheriff's Deed, and the mortgage contract void and enter an award of damages.

Presently before the Court is Wells Fargo's motion to dismiss or, in the alternative,

for summary judgment, filed pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56, respectively, on October 25, 2012. The motion has been fully briefed. On November 9, 2012, this Court issued a notice informing the parties that it is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f). For the reasons that follow, the Court grants Well Fargo's motion and *sua sponte* dismisses Plaintiff's claim against Leggat pursuant to 28 U.S.C. § 1915(e)(2).

I.      **Standard for Motion to Dismiss and for Summarily Dismissal**[1]

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests whether a legally sufficient claim has been pleaded in a complaint, and provides for dismissal when a plaintiff fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570, 127 S. Ct. 1955, 1974 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). This plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable

---

[1]Although Wells Fargo has filed its motion, alternatively, as a motion for summary judgment, the Court finds it unnecessary to review matters beyond the pleadings or the public record to decide the motion. Thus it is dispensing with the motion pursuant to Rule 12(b)(6), only.

expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

When assessing whether a plaintiff has set forth a "plausible" claim, the district court must accept all of the complaint's factual allegations as true. *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). Even so, "the pleading must contain more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. at 1965. A plaintiff has the duty to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Id.* Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965).

Compared to formal pleadings drafted by lawyers, a generally less stringent standard is applied when construing the allegations pleaded in a *pro se* complaint. *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596 (1972). Even so, pro se plaintiffs must still provide more than bare assertions of legal conclusions. *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

Pursuant to 28 U.S.C. § 1915, the Court is required to dismiss any action brought by a plaintiff proceeding *in forma pauperis* if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted, or seeks monetary relief from a

defendant immune from such relief. 28 U.S.C. § 1915(e)(2).

## II.    Factual Background

On March 1, 2005, Plaintiff and his wife, Stacey Lessnau (collectively "Lessnaus"), obtained a VA loan through Stratford Funding, Inc. ("Stratford") in the amount of $118,160.00. (Compl. Ex. A.) On the same date, in connection with the loan, the Lessnaus granted a Mortgage on the Property to Stratford. (*Id*.) On March 7, 2005, Stratford assigned the Mortgage to Washington Mutual Bank, FA, pursuant to an assignment recorded with the Wayne County Register of Deeds on April 7, 2005.[2] (Wells Fargo's Mot. Ex. 2.) The mortgage then was assigned to Wells Fargo on December 8, 2008, pursuant to an assignment recorded with the Wayne County Register of Deeds on December 21, 2006. (*Id*. Ex. 3.)

The Lessnaus defaulted on the mortgage loan and foreclosure by advertisement proceedings were initiated in February 2011. (*Id*. Ex. 4.) Leggat conducted the Sheriff's Sale with respect to the Property on March 30, 2011, with Wells Fargo successfully bidding on the Property for $44,065.00. (*Id*.) Leggat conducted the sale as a Special Deputy Sheriff, a role to which he was appointed by Wayne County Sheriff Warren C. Evans and Undersheriff Daniel Pfannes in an "Appointment of Special Deputy Sheriff"

---

[2]When ruling on a Rule 12(b)(6) motion, the Court may consider documents referenced in the pleadings that are central to the plaintiff's claims or that are the sort of which a court generally may take judicial notice, such as public records. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S.Ct. 2499, 2509, 168 L.Ed.2d 179 (2007); *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir.1999); *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir.2007).

("Appointment"). (*Id*. Ex. 5.) The Appointment, filed with the Wayne County Clerk on January 26, 2009, authorized Leggat to *inter alia* conduct sheriff's sales and issue deeds through December 31, 2012. (*Id*.)

On April 25, 2011, Wells Fargo conveyed the Property via warranty deed to the VA. (*Id*. Ex. 6.) The redemption period expired on September 30, 2011. (*Id*. Ex. 4.)

### III.   Wells Fargo's Arguments and Plaintiff's Response

Wells Fargo seeks dismissal of Plaintiff's Complaint in its entirety, arguing that (1) Plaintiff lacks standing to sue now that the redemption period has expired; (2) there was no fraud with the foreclosure procedure; and (3) Plaintiff's Complaint is barred by laches.

In his response, Plaintiff fails to address Wells Fargo's arguments. Plaintiff does argue that Well Fargo's motion for summary judgment pursuant to Rule 56 is premature, although he neglects to identify what facts he needs to discover to justify his opposition to the motion. *See* Fed. R. Civ. P. 56(d). The Court, however, is adjudicating the motion pursuant to Rule 12(b)(6) and is not considering matters outside the pleadings or public record in deciding whether Plaintiff states a valid claim against Wells Fargo.

### IV.   Applicable Law and Analysis

Michigan statutory law provides a mortgagor of residential property a period of six months from the date of the sheriff's sale to redeem the property. Mich. Comp. Laws § 600.3240(8). Once the redemption period expires, the purchaser of the sheriff's deed is vested with "all right, title, and interest" in the property. *Id*. § 600.3236. At that time, the

mortgagor may undo the sale *only* by demonstrating fraud or irregularity in the foreclosure proceedings. *Senters v. Ottawa Sav. Bank, FSB*, 443 Mich. 45, 54, 503 N.W.2d 639, 643 (1993). Specifically, "there must be a clear showing of fraud or irregularity as to the foreclosure proceeding itself, and not simply as to any conduct by the defendant." *Houston v. U.S. Bank Home Mortg. Wisconsin Servicing*, No. 11-2444, 2012 WL 5869918, at *5 (6th Cir. Nov. 20, 2012) (citing *Freeman v. Wozniak*, 617 N.W.2d 46, 49 (Mich. Ct. App. 2000)); *see also Overton v. Mort. Elec. Registration Systems*, No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009).

Plaintiff's claims of wrongdoing related to the origination of his mortgage loan do not state fraud or irregularity in the foreclosure proceedings. Plaintiff's assertion of fraud related to the Sheriff's Sale based on his claim that Leggat lacked the authority to conduct the sale is factually and legally incorrect.

Michigan law allows for the creation of special deputies who may be deputized for the purpose of performing particular acts. Mich. Comp. Laws § 51.70 ("Persons may also be deputed by a sheriff, by an instrument in writing, to do particular acts, who shall be known as special deputies . . ."). The statute allows a sheriff to appoint special deputies to perform any particular acts that the sheriff is authorized by law to perform. *Drew v. Kemp-Brooks*, 802 F. Supp. 2d 889, 896 (E.D. Mich. 2011) (citing *Tower v. Welker*, 93 Mich. 332, 53 N.W. 527 (1892)). Michigan courts have specifically held that a special deputy under section 51.70, such as Leggat, can perform foreclosure sales. *See, e.g., id.*; *Kubicki v. Mortg. Elec. Registration Sys., Inc.*, 292 Mich. App. 287, 293, 807 N.W.2d

6

433, 436 (2011).

Leggat performed the Sheriff's Sale of the Property during the Special Deputy Sheriff term outlined in the Appointment. As such, he was authorized to conduct the sale. Plaintiff therefore fails to state a claim of fraud against Leggat and Wells Fargo. Because Plaintiff does not allege any alternative fraud or irregularity related to the foreclosure proceeding, itself, he is not entitled to the relief he seeks in the form of undoing the foreclosure sale or voiding the Sheriff's Deed. The Court thus finds it unnecessary to address Wells Fargo's remaining arguments for dismissal.[3]

Accordingly,

**IT IS ORDERED**, that Wells Fargo's motion to dismiss is **GRANTED** and Wells Fargo is **DISMISSED AS A DEFENDANT**;

**IT IS FURTHER ORDERED**, that Plaintiff's claim against Ralph Leggat is **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2) and he is **DISMISSED AS A DEFENDANT**;

**IT IS FURTHER ORDERED**, that Count 2 of Plaintiff's Complaint is **DISMISSED WITH PREJUDICE.**

Dated: December 3, 2012          s/PATRICK J. DUGGAN
                                 UNITED STATES DISTRICT JUDGE

Copies to:
Clifford Lessnau
14724 University Street
Allen Park, MI  48101

---

[3]The arguments Wells Fargo raises in its motion do not address Plaintiff's claim against the VA and thus those arguments do not support dismissal of the Complaint in its entirety.

7

Aaron C. Thomas, Esq.
Matthew J. Boettcher, Esq.

8