UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLIFFORD LESSNAU,

    Plaintiff,

v.                                                                        Case No. 12-14376
                                                                                     Honorable Patrick J. Duggan

DEPARTMENT OF VETERANS AFFAIRS,
WELLS FARGO HOME MORTGAGE, INC.,
and RALPH LEGGAT,

    Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANT DEPARTMENT OF VETERANS AFFAIRS' MOTION TO DISMISS

On October 2, 2012, Plaintiff Clifford Lessnau ("Plaintiff") initiated this lawsuit against the Department of Veterans Affairs ("VA"), Wells Fargo Home Mortgage, Inc. ("Wells Fargo"), and Ralph Leggat ("Leggat"). Plaintiff is challenging the mortgage loan he executed in March 2005 to refinance real property on University Street in Allen Park, Michigan ("property"), and the subsequent foreclosure of the property in March 2011. Plaintiff asserts two counts in his *pro se* Complaint: (1) "predatory sub prime lending" against the VA, and (2) fraud against Leggat and Wells Fargo. For relief against the VA, Plaintiff asks the Court to void the Sheriff's Deed and mortgage and award him $50,000 in damages.

In an opinion and order entered December 3, 2012, this Court granted a

motion to dismiss filed by Wells Fargo, dismissed Count 2 of Plaintiff's complaint, dismissed Wells Fargo as a defendant, and summarily dismissed Leggat pursuant to 28 U.S.C. § 1915(e)(2).  (ECF No. 16.)  Presently before the Court is the VA's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), filed July 8, 2013.  The motion has been fully briefed.  The Court does not believe that oral argument will aid in its disposition of the motion and therefore is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f).  For the reasons that follow, the Court grants the VA's motion.

## Standards of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests whether a legally sufficient claim has been pleaded in a complaint, and provides for dismissal when a plaintiff fails to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570, 127 S. Ct. 1955, 1974 (2007)).  A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct.  *Id*. (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at

1965). This plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

When assessing whether a plaintiff has set forth a "plausible" claim, the district court must accept all of the complaint's factual allegations as true. *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). Even so, "the pleading must contain more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. at 1965. A plaintiff has the duty to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Id*. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965).

Compared to formal pleadings drafted by lawyers, a generally less stringent standard is applied when construing the allegations pleaded in a *pro se* complaint. *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596 (1972). Even so, *pro se* plaintiffs must still provide more than bare assertions of legal conclusions. *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citing *Scheid v. Fanny*

*Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) tests the court's subject matter jurisdiction. Such motions fall into two categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). As the Sixth Circuit described these two categories of motions:

> A facial attack is a challenge to the sufficiency of the pleading itself. On such motion, the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party . . . A factual attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction. On such a motion, no presumptive truthfulness applies to the factual allegations . . . and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.

*Id.* (internal citations omitted) (emphasis in original). It is the plaintiff's burden to demonstrate that the court has jurisdiction over the subject matter. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F3.d 1125, 1134 (6th Cir. 1986) (citation omitted).

**Factual and Procedural Background**

On March 1, 2005, Plaintiff and his wife, Stacey Lessnau (collectively "Lessnaus"), obtained a loan through Stratford Funding, Inc. ("Stratford") in the amount of $118,160.00. (Compl. ¶ 7, Ex. A.) The loan was guaranteed by the VA. (*Id.* Ex. A.) On the same date, in connection with the loan, the Lessnaus granted a

Mortgage on the property to Stratford. (*Id.*) Stratford assigned the mortgage to Washington Mutual Bank, FA on March 7, 2005. *See* Op. and Order at 4, ECF No. 16. The mortgage then was assigned to Wells Fargo on December 8, 2008. *Id.*

The Lessnaus defaulted on the loan and foreclosure by advertisement proceedings were initiated in February 2011. *Id.* At a sheriff's sale on March 30, 2011, Wells Fargo was the successful bidder. *Id.* On April 25, 2011, Wells Fargo conveyed the property via warranty deed to the VA. *Id.* at 5. The redemption period expired on September 30, 2011. *Id.* More than a year later, Plaintiff initiated this lawsuit.

In his Complaint, Plaintiff claims that he and his wife "were deceived and mislead [sic] by the Department of Veteran[s] Affairs when they applied for a VA [l]oan." (Compl. ¶ 10.) He alleges vaguely that the VA did not comply with the federal Truth in Lending Act ("TILA"), did not disclose that the loan was made by a conventional mortgage lender as opposed to the federal government or that it was a subprime loan, approved a flawed Certificate of Eligibility, and allowed the home to be appraised at an inflated price. (*Id.* ¶¶ 11-17.) Plaintiff further alleges that the VA "breached its duty to determine" whether the Lessnaus "could truly afford the home loan" and to protect them from Stratford's predatory lending. (*Id.* ¶¶ 19, 28.)

**The VA's Arguments and Plaintiff's Response**

5

The VA argues in its motion to dismiss that Plaintiff fails to state a claim to quiet title in the property or to hold the VA liable for its alleged deception or breach of its alleged duties in relation to the loan. To the extent Plaintiff alleges a claim under TILA, the VA contends that it is barred by the applicable statute of limitations. Finally, the VA asserts that Plaintiff fails to identify any waiver of sovereign immunity that would permit this suit against the United States.

Plaintiff states in response that he has met the pleading requirements with respect to his quiet title claim. As to the statute of limitations, Plaintiff asserts that he is entitled to equitable tolling, although he fails to identify any facts that would render tolling appropriate in this case. Lastly, Plaintiff argues that the VA's motion to dismiss is premature because it has not answered interrogatories that he mailed to the VA on June 28, 2013. Plaintiff does not address the VA's sovereign immunity argument.

**Analysis**

As an initial matter, the VA's failure to respond to Plaintiff's interrogatories has no bearing on whether the VA is entitled to dismissal of his lawsuit under Rule 12(b)(1) or (6). Plaintiff does not suggest that the discovery sought will enable him to assert viable arguments in response to the motion. Thus the Court will turn to the merits of the VA's motion.

This Court already held that Plaintiff fails to state a claim to quiet title with respect to the property when it granted Wells Fargo's motion to dismiss on December 3, 2012. Plaintiff presents no arguments in response to the VA's motion to dismiss that would cause the Court to reconsider its prior decision.

The doctrine of sovereign immunity broadly shields the United States, its agencies, and its employees acting in their official capacities from suit without its consent. *Gao v. Jenifer*, 185 F.3d 548, 554 (6th Cir. 1999) (citing *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 260, 119 S. Ct. 687, 690 (1999) (additional citations omitted)). No suit may be brought against the United States without specific statutory authorization and all ambiguities in a purported waiver are strictly construed in favor of the sovereign. *Lane v. Pena*, 518 U.S. 187, 192, 116 S. Ct. 2092, 2096 (1996). A plaintiff proceeding against the United States bears the burden of establishing the existence and applicability of a waiver prior to proceeding in a lawsuit against federal government entities. *Whittle v. United States*, 7 F.3d 1259, 1262 (6th Cir. 1993).

Plaintiff fails to meet his burden as he has identified no waiver of sovereign immunity in his Complaint or in response to the VA's motion. The only federal statutes Plaintiff mentions in his Complaint are TILA, the Real Estate Settlement Procedures Act ("RESPA"), the Home Ownership and Equity Protection Act ("HOEPA"), and the Community Reinvestment Act ("CRA"). (Compl. ¶¶ 6, 11,

7

25, 30.) This Court has previously held that there is no private cause of action under the CRA. *See Harvey v. Ameriquest Mortg. Co.*, No. 10-12246, 2010 WL 4386976, at *3 (E.D. Mich. Oct. 29, 2010) (citing *Lee v. Bd. of Governors of the Fed. Reserve Sys.*, 118 F.3d 905, 913 (2d Cir. 1997) and *Hicks v. Resolution Trust Corp.*, 970 F.2d 378, 382 (7th Cir. 1992)). The remaining statutes contain one-year limitations period for damages or limitation periods of three years for rescission which begin to run when the alleged violation occurred. *See* 12 U.S.C. § 2614 (RESPA); 15 U.S.C. § 1650 (TILA and HOEPA); *see also Harvey*, 2010 WL 4386976, at *3 (discussing the limitations periods applicable to TILA, HOEPA, and RESPA). Any alleged violation of these statutes that could be construed from Plaintiff's Complaint occurred in 2005, when the Lessnaus' loan with Stratford originated. As such, any claim under these statutes would be time-barred.

For these reasons, Plaintiff fails to demonstrate that this Court has subject matter jurisdiction over his claim against the VA.[1] Even if the Court concluded

---

[1]Although not mentioned by Plaintiff, the "sue or be sued clause" permits a district court to consider a claim under the home loan program. *See* 38 U.S.C. § 3720. Plaintiff, however, does not identify any violation of the program or challenge any decision of the VA Secretary in relation to the program. The United States also has waived its sovereign immunity under the Federal Torts Claim Act ("FTCA") "for certain torts committed by federal employees." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 114 S. Ct. 996, 1000 (1994) (citing 28 U.S.C. § 1346(b)). Litigants seeking to recover under the FTCA, however, must name the United States as the sole defendant. *DMC-Memphis, Inc. v. Mutual of Omaha Ins. Co.*, 105 F. App'x 671, 675 (6th Cir. 2004) (citing *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir.1990). Such a claim cannot proceed against the responsible

that the United States waived its immunity, the Court still would conclude that Plaintiff's lawsuit against the VA must be dismissed for failure to state a claim on which relief may be granted.

Accordingly,

**IT IS ORDERED** that Defendant Department of Veteran Affairs' Motion to Dismiss is **GRANTED**.

Dated: August 13, 2013          s/PATRICK J. DUGGAN
                                UNITED STATES DISTRICT JUDGE

---

agency or federal employee. *Id.* Moreover, in order to invoke the FTCA's waiver of sovereign immunity, claimants first must exhaust their administrative remedies. 28 U.S.C. § 2675(a). Exhaustion is a jurisdictional prerequisite that cannot be waived or equitably tolled. *McNeil v. United States*, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984 (1993) (holding that exhaustion is a prerequisite to filing suit under the FTCA); *Lundstrum v. Lyng*, 954 F.2d 1142, 1145 (6th Cir. 1991) (same). Finally, the FTCA contains specific exceptions to its general waiver of sovereign immunity. *See* 28 U.S.C. § 2680. Most relevant to Plaintiff's allegations, it "preserves the sovereign immunity of the United States with respect to claims 'arising out of . . . misrepresentation [or] deceit." *Beneficial Consumer Disc. Co. v. Poltonowicz*, 47 F.3d 91, 96 (3d Cir. 1995) (quoting 28 U.S.C. § 2680(h)).

Copies to:

Clifford Lessnau
9937 Niver Street
Allen Park, MI   48101

AUSA Theresa Urbanic
Matthew J. Boettcher, Esq.
Patrick C. Lannen, Esq.
Aaron C. Thomas, Esq.